IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PCM SALES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-02806-L** |
| | § | |
| **QUADBRIDGE, INC.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant Quadbridge, Inc.'s Motion to Dismiss Plaintiff's Original

Complaint under Rules 12(b)(4)-(7) (Doc. 10), filed August 26, 2014.  After careful consideration

of the motion, pleadings, record, and applicable law, the court **grants** Defendant Quadbridge, Inc.'s

Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(7) and **denies without prejudice**

Defendant Quadbridge, Inc.'s Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(4)-

(6).

## I.      Factual and Procedural Background

On August 5, 2014, Plaintiff PCM Sales, Inc. ("Plaintiff" or "PCM") filed Plaintiff's Original

Complaint, alleging (1) misappropriation or threatened misappropriation of trade secrets under the

Texas Trade Secrets Act; (2) tortious interference with a contract; (3) tortious interference with

prospective business relations; (4) conversion; (5) civil conspiracy; and (6) unfair competition.

PCM is a marketer and provider of technology products.  PCM Canada ("PCM Canada") is

a wholly owned subsidiary of Plaintiff.  Quadbridge, Inc. ("Defendant" or "Quadbridge") is also a

marketer of technology products.  Pl.'s Compl. 4.  According to Plaintiff, Defendant has "corporate

headquarters in Dallas, Texas, and in Quebec, Canada . . . ." *Id.* Quadbridge is owned by Ryan

Peters, a former employee of PCM Canada.

According to Plaintiffs, a former employee of PCM Canada misappropriated confidential and

proprietary information. Plaintiffs allege that, on May 16, 2014, Jocelyne Saikaley ("Saikaley") e-

mailed a customer contact list; an Excel spreadsheet, titled "my accounts"; a document called,

"Notes on Customers"; multiple customer quotation and purchase orders; and an Excel spreadsheet,

titled "Copy of Leads" to her personal e-mail address without PCM's authorization. On July 2,

2014, Saikaley went on scheduled vacation; however, on July 7, 2014, she sent PCM Canada her

formal resignation via e-mail. On July 8, 2014, Quadbridge hired Saikaley.

According to Plaintiffs, Saikaley violated an agreement between her and PCM that restricted

Saikaley's use of confidential and proprietary information. Plaintiffs further allege that Defendant

was aware of this agreement. Plaintiffs allege that "[u]pon information and belief, Quadbridge and

Saikaley have used, shared, and/or disclosed this information," and "Quadbridge has knowingly

utilized PCM's confidential information and trade secrets to solicit business from one ore more

current and/or former PCM customers." Pl.'s Compl. 10.

Plaintiffs further allege that, on July 8, 2014, Saikaley solicited business from PCM Canada's

largest account for Quadbridge. She did so by sending an e-mail to the client and attaching a

technology quotation to it. The quotation was printed on Quadbridge letterhead and listed an address

for Quadbridge in Chicago, Illinois.

## II.  Standard under Federal Rule of Civil Procedure 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal for "failure to join

a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a lawsuit

is required for the fair and complete resolution of the dispute at issue. It further provides for the

dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS*

*Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir.2003) (footnotes and citations omitted).

"Determining whether to dismiss a case for failure to join an indispensable party requires a

two-step inquiry." *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir.2009).

"First the district court must determine whether the party should be added under the requirements

of Rule 19(a)." *Id*. Federal Rule of Civil Procedure 19(a)(1) requires that a person "subject to

service of process and whose joinder will not deprive the court of subject-matter jurisdiction be

joined if:"

> (A) in that person's absence, the court cannot accord complete relief among existing
> parties; or (B) that person claims an interest relating to the subject of the action and
> is so situated that disposing of the action in the person's absence may: (I) as a
> practical matter impair or impede the person's ability to protect the interest; or (ii)
> leave an existing party subject to a substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations because of the interest.

*Id.* (citing Fed.R.Civ.P. 19(a)(1)). "While the party advocating joinder has the initial burden of

demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that

a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party

who opposes joinder.'" *Hood ex rel. Mississippi*, 570 F.3d at 628. "If the necessary party cannot be

joined without destroying subject-matter jurisdiction, the court must then determine whether that

person is 'indispensable,' that is, whether litigation can be properly pursued without the absent

party." *Id*. at 629.  Rule 19 "does not require the joinder of joint tortfeasors. Nor does it require

joinder of principal and agent. Finally, Rule 19 does not require joinder of persons against whom

[defendants] have a claim for contribution." *Nottingham v. General Am. Commc'ns Corp.*, 811 F.2d

873, 880 (5th Cir.1987) (citations omitted).

**Memorandum Opinion and Order - Page 3**

III.    Analysis

Defendant contends that Plaintiff's claims relate to the alleged wrongdoing of Quadbridge

Canada, which is a separate and distinct entity from Quadbridge U.S.  Defendant argues that "PCM

makes vague and conclusory allegations that Quadbridge U.S. is liable to PCM." Def.'s Mot. to

Dismiss 2.  Defendant asserts that Quadbridge Canada employed Saikaley, and Saikaley never

performed work for Defendant.  The declaration submitted by Ryan Peters, the president of

Quadbridge states, "Quadbridge Canada is a separate and distinct corporate entity from Quadbridge

U.S." Peters Decl. 2.[1]

Plaintiff's Original Complaint (Doc. 1), filed August 5, 2014, lists Quadbridge Inc.'s

corporate headquarters as being in Dallas, Texas, and in Quebec, Canada. Pl.'s Compl. 4.  Plaintiffs

thus conflate the Canadian location of Quadbridge and the Dallas location of Quadbridge and treat

them as two separate locations of one entity.  Moreover, Plaintiff's Complaint only references

"Quadbridge" and does not distinguish the Canadian entity from the American entity in the manner

that it does for PCM and PCM Canada.  Plaintiff's Response to Defendant's Motion to Dismiss

Plaintiff's Original Complaint under Rules 12(b)(4)-(7) ("Response"), however, treats Quadbridge

Canada as a separate entity and asserts that Quadbridge Canada is not a necessary or indispensable

party under Rule 19.

Plaintiff argues that its Complaint asserts allegations against Quadbridge U.S. and not

Quadbridge Canada.  Its Complaint, however, lists both Dallas and Canada as the corporate

---

[1] Plaintiff does not dispute Defendant's ability to go outside of the pleadings as to its Rule 12(b)(7) arguments. *See  Timberlake v. Synthes Spine, Inc.*, No. 08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) (quoting *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001). Additionally, Plaintiff has not come forward with evidence establishing or bringing into question the validity of Peter's declaration asserting that Quadbridge Canada and Quadbridge U.S. are separate entities.

**Memorandum Opinion and Order - Page 4**

headquarters for the entity it refers to throughout its motion as merely "Quadbridge."   Based on these pleadings, the court is unable to proceed with its analysis under Rule 7 and Rule 19.  In other words, while the Response distinguishes between Quadbridge U.S. and Quadbridge Canada, the Complaint for which Plaintiff alleges the facts that gave rise to this dispute does not, and the court is unable to determine the extent of Quadbridge U.S.'s alleged wrongdoings in this action and the necessity of Quadbridge Canada as party to this action to adjudicate these claims.[2]

Ultimately, Plaintiff's pleadings do not comport with the evidence presented in Peters's declaration or its Response to Defendant's motion to dismiss, and the court is unable to make a complete determination under Rule 7 as to whether Plaintiff failed to join a necessary party.[3]

## IV.    Conclusion

For the reasons herein stated, the court **grants** Defendant Quadbridge, Inc.'s Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(7) and **denies without prejudice** Defendant Quadbridge, Inc.'s Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(4)-(6); however, Plaintiff shall amend its complaint by **April 14, 2015,** in accordance with this opinion and order. If Plaintiff fails to file its amended complaint by this date, the court will dismiss Plaintiff's claims pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

---

[2] Plaintiff has not carried its burden of disputing Defendant's appraisal that Quadbridge Canada is a necessary party, as its Response cannot overcome the inadequacy of its Complaint . *See Hood ex rel. Mississippi*, 570 F.3d at 628 ("'[A]n initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'").

[3] In light of the pleading deficiencies in the Complaint made known by the court's analysis under Rule 12(b)(7), the court finds it unnecessary to address the additional bases for Defendant's Motion to Dismiss.

**It is so ordered** this 31st day of March, 2015.

Sam A. Lindsay
United States District Judge