IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PCM SALES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2806-L** |
| | § | |
| **QUADBRIDGE, INC.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Quadbridge, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint Under Rules 12(b)(4)-(7) (Doc. 32), filed April 24, 2015. After careful consideration of the motions, pleadings, and applicable law, the **denies** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Under Rules 12(b)(4)-(7).

**I.   Factual and Procedural Background**

Plaintiff PCM Sales, Inc. ("Plaintiff") brought this action against Defendant Quadbridge, Inc. on August 5, 2014, alleging (1) misappropriation or threatened misappropriation of trade secrets under the Texas Trade Secrets Act; (2) tortious interference with a contract; (3) tortious interference with prospective business relations; (4) conversion; (5) civil conspiracy; and (6) unfair competition. On August 26, 2014, Defendant filed its original Motion to Dismiss Plaintiff's Compliant under rules 12(b)(4)-(7). Defendant argued that Plaintiff's action should be dismissed because Plaintiff failed to join necessary and indispensable parties, sued the wrong party, improperly served it, and failed to state a claim on which relief could be granted. On March 31, 2015, the court entered a memorandum opinion and order granting Defendant's Motion to Dismiss pursuant to Rule 12(b)(7) and denying without prejudice Defendants Rule 12(b)(4)-(6) motions.

**Memorandum Opinion and Order - Page 1**

The court directed Plaintiff to amend its complaint because Plaintiff failed to distinguish between Defendant, the United States entity of Quadbridge, Inc. (hereinafter "Quadbridge U.S.") and the Canadian entity of Quadbridge, Inc. (hereinafter "Quadbridge Canada"), which is not a party to the suit. The court, therefore, was not able to make a proper Rule 7 and Rule 19 analysis. Plaintiff filed its Amended Complaint on April 10, 2015.

Plaintiff's Amended Complaint alleges that a former employee of the Canadian subsidiary of PCM Sales, Inc. (hereinafter "PCM Canada"), Jocelyne Saikaley ("Saikaley") misappropriated confidential information and proprietary information in violation of the Employee Non-Disclosure, Intellectual Property Assignment, Non-Competition and Non-Solicitation Agreement ("Agreement") she signed on or about January 23, 2004, as a condition of her employment with PCM Sales, Inc. Plaintiff alleges that on May 16, 2014, prior to her voluntary separation with PCM Canada, Saikaley e-mailed (1) an Excel spreadsheets of her customer contacts and leads; (2) notes regarding the type and frequency of her contacts with PCM customers; and (3) multiple customer quotations and purchase orders. Saikaley terminated her employment with PCM Canada on July 7, 2014, and was hired by Quadbridge Canada on July 8, 2014. Plaintiff alleges that Saikaley was employed on behalf of Quadbridge U.S., and a Quadbridge U.S. representative told her to save PCM's confidential and trade secret information on a USB storage device. Plaintiff further alleges that Saikaley did so and did it for the benefit of Quadbridge U.S.

Plaintiff alleges that Saikaley was a sales representative employed by Quadbridge Canada on behalf of Quadbridge U.S. Plaintiff further alleges that in her capacity as a sales representative, Saikaley used, shared, and disclosed PCM's confidential information and trade secrets with Quadbridge U.S. Plaintiff further alleges that Saikaley confirms that Quadbridge U.S. representatives were aware that she had PCM's confidential information on a USB storage device,

**Memorandum Opinion and Order - Page 2**

and she used her company-issued laptop to access the files on the storage device. Plaintiff also alleges that Quadbridge U.S. and Quadbridge Canada were aware of Saikaley's Agreement with PCM.

Plaintiff further alleges that Saikaley solicited her largest account with PCM Canada on July 8, 2014, immediately after the commencement of her employment with Quadbridge Canada. Plaintiff alleges that this was done on behalf of Quadbridge U.S. because the letterhead on which a sales quotation was printed listed a Chicago, Illinois, contact address. The sales quotation contained equipment and services similar to those Saikaley sold to the client while at PCM Canada, and it was sent to an address Saikaley obtained in violation of her Agreement.

Defendant moves for dismissal of Plaintiff's Amended Complaint pursuant to 12(b)(4)-(7). Defendant contends that Quadbridge Canada and Saikaley are necessary and indispensable parties that must be joined to the action; that PCM's claims are inadequately pleaded; that service was ineffective; and that this is an inconvenient forum.

## II.     Legal Standards

### A.     Rule 12(b)(4) - Insufficient Process

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). Thus, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of rule 4(b) or any other applicable provision incorporated by Rule 4(b) that deals specifically when the content of the summons." *Id.*

### B.     Rule 12(b)(5) - Insufficient Service of Process

A motion under Rule 12(b)(5) is the proper way to challenge "the mode of delivery or the lack of delivery of the summons and complaint." 5B Wright & Miller, Federal Practice and

Procedure § 1353 (footnote omitted). A motion under this rule is also "the proper challenge when the wrong party is served with an otherwise proper [s]ummons and [c]omplaint." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 211cv3KS-MTO, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29, 2011). A court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1996).

### C.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The

**Memorandum Opinion and Order - Page 4**


"[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### D. Standard under Federal Rule of Civil Procedure 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal for "failure to join a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (footnotes and citations

**Memorandum Opinion and Order - Page 6**

omitted).

"Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "First the district court must determine whether the party should be added under the requirements of Rule 19(a)." *Id*. Federal Rule of Civil Procedure 19(a)(1) requires that a person "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* (citing Fed. R. Civ. P. 19(a)(1)). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood ex rel. Mississippi*, 570 F.3d at 628. "If the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Id*. at 629. Rule 19 "does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent. Finally, Rule 19 does not require joinder of persons against whom [defendants] have a claim for contribution." *Nottingham v. General Am. Commc'ns Corp*., 811 F.2d 873, 880 (5th Cir. 1987) (citations omitted).

**III.     Defendant's Motions to Dismiss**

   **A.  Motion to Dismiss Pursuant to Rule 12(b)(4)**

A summons must include, among other things, the names of the parties and be directed to the defendant being sued.  Fed. R. Civ. P. 4(a)(1)(A),(B).  Process may be insufficient if the summons and complaint refer to a party in the wrong name.  5B Wright & Miller, Federal Practice and Procedure, § 1353.  In this case, Plaintiff asserts claims against Quadbridge, Inc.  On August 5, 2014, the court issued summons against Quadbridge, Inc., and it was delivered to the registered agent on August 6, 2014.  Defendant contends that it was prejudiced because Quadbridge U.S. and Quadbridge Canada are two separate entities, and Plaintiff failed to properly name Quadbridge U.S. on the summons.  Plaintiff responds that process is sufficient because the United States entity is incorporated as Quadbridge, Inc.  Plaintiff correctly notes that the clerk of the court cannot issue and address a summons for an entity name that does not exist.

The parties have agreed to use the names "Quadbridge U.S." and "Quadbridge Canada" for the ease of identification throughout these proceedings; however, both the Canadian and United States entities are "Quadbridge, Inc."  In his declaration, Ryan Peters, President of Quadbridge, Inc., asserts that Quadbridge U.S. was incorporated as Quadbridge, Inc.  Decl. of Ryan Peters ¶ 3. Accordingly, the court determines process was sufficient and **denies** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(4).

   **B.  Motion to Dismiss Pursuant to Rule 12(b)(5)**

Federal Rule of Civil Procedure 4(h) requires that service on corporations, partnerships, or associations in the United States be made in one of two ways: (1) pursuant to the law of the state in which the district court is located, or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to

**Memorandum Opinion and Order - Page 8**

receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1). "A motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served." 5B Wright & Miller, Federal Practice and Procedure, § 1353.

Defendant contends that PCM has sued and served the wrong party, and, therefore, any service of Quadbridge U.S. is insufficient on its face. Plaintiff responds that Defendant merely asserts that it has done nothing wrong, and Defendant cannot win a 12(b)(5) motion by merely arguing the allegations in complaint are not true. The summons was delivered to Defendant's registered agent, pursuant to Federal Rule of Civil Procedure 4(h). Further, Defendant is the party named in the summons. The court, therefore, determines that service of process was sufficient and **denies** Defendant's Motion to Dismiss pursuant to Rule 12(b)(5).

### C. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendant contends that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff only states conclusory allegations "upon information and belief." In response, Plaintiff quoted a number of the specific allegations of Defendant's wrongdoing from the amended complaint. In reply, Defendant again asserts that Plaintiff only provides conclusory allegations. Plaintiff asserts claims for misappropriation or threatened misappropriation of trade secrets under the Texas Trade Secrets Act, tortious interference with a contract, tortious interference with prospective business relations, conversion, civil conspiracy, and unfair competition. Plaintiff brings claims under Texas law but does not explain why Texas law should apply. To determine which substantive law applies, the court must apply the conflict-of-laws rules of Texas, the state in which this court sits. *Morris v. LTV Corp.*, 725 F.2d 1024, 1027 (5th Cir. 1984).

The Texas Supreme Court has adopted the "most significant relationship" analysis as set forth in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420–21 (Tex. 1984). Under this test, the court must consider which state's law has the most significant relationship to the particular substantive issue to be resolved. *Hughes Wood Prods., Inc. v.* Wagner, 18 S.W.3d 202, 205 (Tex. 2000). Texas courts consider the factors set forth section 145 of the Restatement (Second) of Conflict of Laws ("Restatement") for tort cases. *Id.* That section provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement § 145.

Pursuant to the court's January 13, 2016 order, Plaintiff and Defendant provided the court with additional briefing as to the applicable substantive law for Plaintiff's claims, as that issue was not adequately briefed initially by the parties. Plaintiff contends that Texas law should apply because Quadbridge U.S. was a Texas corporation at the time the suit was filed. It contends that Texas has the most significant relationship to the case because Defendant was based in Texas. Plaintiff further contends that Texas is where the parties' activities intersect, which is a compelling reason to apply Texas law. Plaintiff, however, fails to address directly any of the factors set forth in Restatement § 145(2) to determine the applicable law.

Defendant contends that the civil laws of Quebec, Canada should apply to Plaintiff's claims. Defendant asserts that Quebec law should apply because Quebec law governs the employment agreement between Saikaley and PCM Canada. Again, however, neither party adequately addresses the relevant Restatement factors, and in particular, factors 2(a)-(d) above. Without information regarding these factors, the court cannot determine which law governs Plaintiff's claims that sound in tort. To avoid unnecessary delay, the court will not beleaguer this issue. This case has been pending too long, and the court has grown weary of inadequate briefing by the parties regarding the motions to dismiss. These matters are better suited for a motion for summary judgment or trial in which competent evidence outside of the pleadings regarding the aforementioned Restatement factors can be considered by the court. Accordingly, the court **denies** Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

### D. Motion to Dismiss Pursuant to Rule 12(b)(7)

Defendant contends that Quadbridge Canada and Saikaley are necessary and indispensable parties to this action pursuant to Federal Rule of Civil Procedure 19(a). Defendant argues that because they are indispensable, this action cannot proceed without them. Defendant further argues that Quadbridge Canada and Saikaley cannot be joined because this court cannot exercise personal jurisdiction over them.

#### 1. Rule 19

Rule 19(a) (1) of the Federal Rules of Civil Procedure sets forth definition of a "required party":

> Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent objections because of the interest.

Rule 19(a)(2) requires that if a person meets the definition of "required" as set forth in subsection (a)(1), "the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Rule 19(b) sets forth the factors a court must consider when joinder of a required party is not feasible. In that case, the court must decide whether to proceed with the existing parties or dismiss the action. In making that decision, the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non joinder.

Fed. R. Civ. P. 19(b). The court now considers the parties' arguments in light of Rule 19.

### 2. Required Parties

The court must first determine whether Quadbridge Canada and Saikaley are required parties pursuant to Rule 19. Defendant contends that they are. Defendant argues that Quadbridge U.S. is the incorrect defendant in this action. It asserts that if any party is liable to PCM, it is Quadbridge Canada or Saikaley. Defendant further contends that Quadbridge Canada is a necessary party because Quadbridge Canada, not Quadbridge U.S., hired Saikaley. Defendant argues that Quadbridge Canada is a legally distinct and separate corporation from Quadbridge U.S,

and Plaintiff has not set forth any factual allegations that could pierce the corporate veil to hold Quadbridge U.S. accountable for Quadbridge Canada's actions. Defendant also argues that Plaintiff has not made any allegations of agency that would suffice to hold Quadbridge U.S. accountable for the actions of Quadbridge Canada.

Defendant asserts that Saikaley is a necessary party because her actions cannot be attributed to Quadbridge U.S. Defendant contends that Plaintiff's allegations relate to events that occurred in Canada prior to Saikaley's employment at Quadbridge Canada, during her initial employment at PCM Canada. Defendant further contends that it is a stranger to Quadbridge Canada's hiring Saikaley.

Plaintiff argues that neither Quadbridge Canada nor Saikaley is a necessary and indispensable party, and, therefore, the action can proceed without them. Plaintiff asserts that Quadbridge Canada is not a required party because complete relief is possible in its absence. Plaintiff further asserts that Rule 19 does not require the joinder of joint tortfeasors, principal and agent, or persons against whom Defendant may have a claim for contribution.

In reply, Defendant contends that Plaintiff is not offering an agency relationship to assert that Quadbridge Canada and Saikaley are not indispensable parties. Defendant asserts that all claims in Plaintiff's Amended Complaint relate to Quadbridge Canada's hiring of Saikaley and not any action undertaken by Quadbridge U.S. It further asserts that, as the actions stem from an employment agreement with Saikaley and PCM Canada, Saikaley is an indispensable party. Defendant also contends that relief Plaintiff requested cannot be satisfied without joining Saikaley and Quadbridge Canada because Plaintiff requests injunctive relief, including the return of its confidential information, but did not allege that Quadbridge U.S. actually possessed such information.

To determine whether Saikaley and Quadbridge Canada are required parties under Rule 19, the court considers the relief requested by the Plaintiff in its Amended Complaint. Plaintiff seeks injunctive relief and return of any confidential information in Quadbridge U.S.'s possession. Defendant argues that Plaintiff does not allege that Quadbridge U.S. has any of PCM confidential information; however, Plaintiff does allege that Saikaley shared confidential information with Quadbridge U.S. Examining the relief requested in the light most favorable to the nonmoving party, the court determines that it can accord complete relief among the existing parties. Further, Defendant argues that it would be prejudiced if Quadbridge Canada and Saikaley were not joined because it would have to sue them from contribution or indemnity. Rule 19, however, does not require joinder of parties against whom Defendant would have a claim for contribution. *Nottingham*, 811 F.2d at 880.

Accordingly, the court determines that Saikaley and Quadbridge Canada are not required parties pursuant to Rule 19. The court **denies** Defendant's Motion to Dismiss pursuant to Rule 12(b)(7).

### E. Forum Non-Conveniens

Defendant also seeks dismissal on the basis of forum non conveniens. A case is subject to dismissal on the basis of forum non conveniens when the relevant public and private interests[1] strongly favor a specific, adequate alternative forum. *Delgado v. Shell Oil Co.*, 890 F.Supp. 1315,

---

[1] The public interest factors to be considered by a court when reviewing a claim of forum non conveniens are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen,* 545 F.3d 304, 315 (5th Cir. 2008). The private interest factors to be considered are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id. See also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

**Memorandum Opinion and Order - Page 14**

1356 (S.D. Tex. 1995), *aff'd*, 231 F.3d 165 (5th Cir. 2000). A defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis. *See In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1164-65 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom., Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated on other grounds*, 883 F.3d 17 (5th Cir. 1989) (en banc). In deciding a motion to dismiss for forum non conveniens, a court must first determine whether an alternative forum exists. *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010) (internal citations omitted). A foreign forum is available if the entire case and all parties can come within the jurisdiction of that forum. *In re Air Crash Disaster*, 821 F.2d at 1165. A defendant comes within the jurisdiction of an alternative forum when "'the defendant is amenable to process'" in the alternate forum at the time of dismissal. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22 (1981)). A foreign forum is adequate if the parties will not be deprived of all remedies or treated unfairly even though they may not enjoy the same benefits as they might receive in American court.

Defendant has not met its burden of persuasion regarding the availability of an alternate forum. First, Defendant states that there is nothing to prevent PCM from bringing suit against Quadbridge Canada in Canada. Defendant, however, does not argue that it, not Quadbridge Canada, is amenable to process in Canada, as required. Further, Defendant contends that Quadbridge Canada, but not Defendant, itself could fall within Canada's jurisdiction. As Defendant fails to meet its burden of persuasion on the preliminary issue of the existence of an alternative forum, the court need not address the various private and public interest factors to determine whether dismissal is warranted. The court, therefore, **denies** Defendant's Motion to Dismiss on the basis of Forum Non Conveniens.

**Memorandum Opinion and Order - Page 15**

### IV. Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss Under Rules 12(b)(4)-(b)(7) (Doc. 32).  **No further motions to dismiss may be filed unless the motion relates to jurisdiction and leave of court is obtained.**

**It is so ordered** this 3rd day of February, 2016.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge